PER CURIAM.
Samuel Robinson appeals the denial of his Florida Rule of Criminal Procedure 3.800 motion, claiming that the trial court erred in habitualizing him. He argues that none of his felonies occurring prior to 1992 count as a past record for the purpose of qualifying him as an habitual offender because they were committed more than five years before his new offense in 1995.
Contrary to his contention, Robinson’s 1977, 1983 and 1986 convictions qualify because in 1992, he was also convicted of a felony and the “felony for which ... [he] ... [was] sentenced was committed ... [w]ithin 5 years of the date of the conviction of ... [his] last prior felony.” § 775.084(l)(a)(2), Fla. Stat. (1995). Conviction of a felony within five years prior to the current conviction causes all of Robinson’s prior felonies to be counted in determining his habitual felony offender status. The denial of his motion is affirmed.
AFFIRMED.
GOSHORN, PETERSON and THOMPSON, JJ., concur.